26789. GRAHAM *v.* HUBERT.

DECIDED MAY 21, 1938.

22

*Oliver & Oliver,* for plaintiff. *Shelby Myrick,* for defendant.

SUTTON, J. The plaintiff alleges that when the Board of Regents of the University System of Georgia met in June, 1935, for the re-election of teachers and employees, Benjamin F. Hubert, because of malice and ill will toward her, failed to recommend her for re-election as cashier and teacher in the Georgia State Industrial College, and that his failure to recommend her was the sole reason for her not being re-elected by the Board of Regents. She was first elected to a position in that college in February, 1932, and was again elected about the first of July, 1933, to June 30, 1934. The term for which she was last re-elected by the Board of Regents was from July 1, 1934, to June 30, 1935, and her employment in the college necessarily ceased at the end of that term, unless it was necessary to give her the ninety days notice above referred to. In the petition her right to recover is based on Hubert's failure to recommend her for re-

election. A careful consideration of the allegations of the petition shows that there was no obligation on his part to recommend her for re-election. Therefore the original petition was subject to the general demurrer.

The amendment alleged that the Board of Regents elected Benjamin F. Hubert as president of the Georgia State Industrial College, and relied upon his recommendation as to the faculty of said institution, and gave him the right to name the members of the faculty, and that he was under obligation to give her ninety days notice if she was not to be re-elected by the Board of Regents. Clearly, under the allegations of the petition and the proffered amendment, if there was any duty resting on Benjamin F. Hubert to give the ninety days notice or to recommend the plaintiff for re-election, it was in his official capacity as president of the college, and not as an individual. Consequently the plaintiff's cause of action, if any, was against him in his official capacity, or against the Board of Regents, and it is conceded by her counsel that she could not maintain such an action. See *Ramsey* v. *Hamilton,* 181 *Ga.* 365 (4) (182 S. E. 392). As stated by the trial judge, had the amendment been allowed the petition still would have been subject to the general demurrer, the suit being against the defendant in his individual capacity. Furthermore, we are of the opinion that the proper construction to be given to the notice passed by the Board of Regents on March 18, 1933, which is set out in the plaintiff's petition, is that any employee of the Regents of the University System of Georgia, desiring to terminate his services at any time *during the year* for which he has been elected or employed, should give ninety days notice to the University System or the head of the institution where employed; and should the Regents of the University System or any institution of said system desire to dispense with the services of any employee during the term for which he was elected, the regents or institution should give ninety days written notice to such employee. But such notice would not be necessary to dispense with the services of an employee at the end of the term for which he was elected. Under either view as above presented, we are of the opinion that the court properly sustained the general demurrer of the defendant.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., concurs in the judgment.*